UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
FEIGE ZAERETSKY and AARON BERLIN,

                                        Plaintiff,                  <u>ORDER</u>

     -against-                                               CV 10-3771 (SJF) (ETB)

MAXI-AIDS, INC., et al.,

                                        Defendants.
----------------------------------------------------------------------X

Plaintiff is directed to file, within 30 days from the filing date herein, a RICO case statement. This statement shall include facts upon which plaintiffs rely to initiate their RICO claims, as a result of the "reasonable inquiry" required by Fed. R. Civ. P. 11. This statement shall be in a form using the numbers and letters set forth below, and shall state in detail the information requested herein.

**RICO Case Statement**

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d).

2. List the defendants and state the alleged misconduct and basis of liability of each defendant.

3. List alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim was allegedly injured.

5. Describe in detail the pattern of racketeering activities or collection of unlawful debts alleged for each RICO claim. The description of the pattern of racketeering shall include the following information:

a. List the alleged predicate acts and the specific statutes that were allegedly violated;

b. Provide the date of each predicate act, the participants in each predicate act, and a description of the facts constituting each predicate act;

c. If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and substance of the alleged misrepresentations, and the identity of persons to whom and by whom alleged misrepresentations were made;

d. State whether there has been a criminal conviction for violation of any predicate act;

e. State whether civil litigation has resulted in a judgment with regard to any predicate act;

f. Describe how the predicate act forms a "pattern of racketeering activity;" and

g. State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe the alleged relationship and common plan in detail.

6. Describe in detail the alleged "enterprise" for each RICO claim. A description of the enterprise shall include the following: (a) state the name of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise; (b) a description of the structure, purpose, function and course of conduct of the enterprise; (c) a statement of whether any defendants are employees, officers or directors of the alleged enterprise; (d) a statement of whether any defendants are associated with the alleged enterprise; (e) a statement of whether plaintiff is alleging that the defendants are individuals or entities separate from the alleged enterprise or that the defendants are the enterprise itself, or members of the enterprise; (f) if any defendants are alleged to be the enterprise

itself, or members of the enterprise, an explanation of whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

      7.  State and describe in detail whether plaintiff is alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

      8.  Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity.  Discuss how the racketeering activity differs from the usual daily activities of the enterprise, if at all.

      9.  Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

      10.  Describe the effect of the activities of the enterprise on interstate or foreign commerce.

      11.  If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following: (a) state who received the income derived from the pattern of racketeering activity or through the collection of unlawful debt; and (b) describe the use or investment of such income.

      12.  If the complaint alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

      13.  If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following: (a) state who is employed by or associated with the alleged enterprise, and (b) state whether the same entity is both the liable "person" and the "enterprise" under section 1962(c).

      14.  If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the facts showing the existence of the alleged conspiracy.

      15.  Describe the alleged injury to business or property.

      16.  Describe the direct causal relationship between the alleged injury and the violation of the

RICO statute.

17. List the damages sustained by reason of the violation of 18 U.S.C. § 1962, indicating the amount for which each defendant is allegedly liable.

18. List all other federal causes of action, if any, and provide the relevant statute numbers.

19. List all pendent state claims, if any.

20. Provide any additional information that you feel would be helpful to the court in processing your RICO claims.

Counsel for plaintiff(s) is ordered to serve a copy of the RICO case statement on all parties. The statement must be filed within 30 days from the date herein.

**SO ORDERED:**

Dated: Central Islip, New York
March 30, 2011

/s/ E. Thomas Boyle
E. Thomas Boyle
United States Magistrate Judge