# ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

MARK ZEICHNER
(212) 826-5301
mzeichner@zeklaw.com

May 31, 2011

**BY ECF**

Honorable Sandra J. Feuerstein
United States District Judge
United States District Court
United States Courthouse
100 Federal Plaza
Central Islip, New York 10007

      **Zaretsky v. Maxi-Aids, Inc., et als.**
      **Case No. 10 CV 3771 (SJF) (ETB)**

Dear Judge Feuerstein:

   We are counsel to Citibank, N.A., successor in interest to European American Bank ("Citibank"), named as a "relief defendant" in the referenced action. We write in response to plaintiffs' letter dated May 27, 2011 requesting an extension of sixty (60) days within which to file a RICO statement, now due on June 1, 2011. Citibank respectfully requests that the Court condition any extension upon plaintiffs' agreement to dismiss Citibank from the action.

   It is clear both from the complaint and from plaintiffs' statements made during the initial conference conducted by Judge Boyle on April 18, 2011, that plaintiffs have no cognizable claim against Citibank, and that it is therefore not a proper party to the action. As made plain from plaintiffs' letter, this case relates to an ongoing matrimonial dispute pending in New York Supreme Court between plaintiff Feige Zaretsky and her ex-husband defendant Elliot Zaretsky. Judge Boyle noted during the initial conference that the only basis for the Court's jurisdiction is plaintiffs' purported RICO claim. Consequently, Judge Boyle instructed plaintiffs to file a RICO statement not later than June 1, 2011, and granted all defendants, including the "relief defendants," sixty (60) thereafter in which to move to dismiss the complaint.

   Plaintiffs assert no allegations in the amended complaint at all against Citibank. Citibank is identified in the caption as a "relief defendant," a designation unknown in the Federal Rules of Civil Procedure. It appears that plaintiffs named Citibank in the action only on the purported theory that the bank may be a potential garnishee in the event plaintiffs obtain judgment in their favor against other parties. Indeed, plaintiff Aaron

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Sandra J. Feuerstein
United States District Court
May 31, 2011
Page 2

Berlin confirmed during the initial conference that this is plaintiffs' only basis for naming Citibank as a party in the action, and that plaintiffs have no claims against the bank.

Judge Boyle informed plaintiffs that no such cognizable claim exists and that it appeared to him that plaintiffs were abusing the legal process. Consequently, Judge Boyle instructed plaintiff to dismiss Citibank and the other "relief defendants" from the action if plaintiff did not have any legally cognizable claims against them.

On May 17, 2011, I spoke with Mr. Berlin and asked him whether, consistent with Judge Boyle's instruction, plaintiffs would agree to voluntarily dismiss Citibank from the action. Mr. Berlin, reiterating what he said during the initial conference, conceded to me that plaintiffs had no claim against Citibank. Nevertheless, he said needed to give it further thought, and that he would contact me within a week with an answer. Despite his promise, Mr. Berlin never telephoned. On both May 24, 2011 and May 26, 2011, I telephoned Mr. Berlin and left messages asking him to return my calls. He did not.

It is clear that plaintiffs have no claim against the so-called "relief defendants." Plaintiffs have admitted it. In the event the Court is inclined to grant plaintiffs' request for an extension of time, Citibank respectfully requests that the Court condition the extension upon plaintiffs' agreement to voluntarily dismiss their improper claims against those defendants. Failing its dismissal from the case, Citibank is inclined to move to dismiss the complaint against it. However, the bank is hopeful to avoid such a step which would be wasteful of the time of the Court and also of the bank.

We thank the Court for its courtesy in considering Citibank's request.

Respectfully submitted,

Mark Zeichner

cc: Aaron Berlin (by e-mail)
Feige Zaretsky (by e-mail)
Robert B. Kambic, Esq. (by e-mail)
Valerie Singleton, Esq. (by e-mail)