# NIXON PEABODY LLP
ATTORNEYS AT LAW
437 Madison Avenue
New York, New York 10022-7001
(212) 940-3000
Fax: (212) 940-3111

Adam B. Gilbert
Direct Dial: (212) 940-3004
Direct Fax: (866) 780-0178
E-Mail: agilbert@nixonpeabody.com

August 5, 2011

**BY ECF**

Hon. E. Thomas Boyle
United States District Court
Eastern District of New York (Central Islip)
100 Federal Plaza
Central Islip, NY 11722

Re: *Zaeretsky v. Maxi-Aids, Inc.*; 2:10-cv-03771 – SJF – ETB

Dear Magistrate Judge Boyle:

    We represent the Felder defendants. I am in receipt of yet another (and belated) request from plaintiffs for an extension of the time to file a RICO case statement. A copy of the letter, incorrectly addressed to Judge Feuerstein (and mailed after the due date for the RICO case statement) is attached (without exhibits) under Tab 1.

    We should all be tired of plaintiffs' jibberish– and their abusive use of the Court system. All that these plaintiffs do is flout the orders of this Court. This isn't judicial litigation – it is judicial mayhem.

    Plaintiff Feige Zaretsky is a "severely learning disabled with a literacy level approximately of a fourth grade elementary school student" (Am. Compl., ¶3). Her co-plaintiff and father alleges no direct injuries. These people have no business bringing RICO claims alleging criminal misconduct on a *pro se* basis in this Court. They are clearly incapable of understanding what they are doing or obeying the Court's orders.

    Being a plaintiff comes with obligations, and orders have consequences. In your June 17, 2011 Order, you stated, with crystal clarity, that "Notwithstanding the prior extensions, the plaintiffs are afforded until August 1, 2011 to comply. The failure to comply will expose this action to dismissal."

    It is high time for this case to be closed.

Respectfully yours,

Adam B. Gilbert

To: All counsel and parties (via ECF)

AARON BERLIN & FEIGE ZARETSKY
1909 NEW YORK AVENUE
BROOKLYN, NY 11210
(917) 803-4155

August 1, 2011

BY HAND DELIVERY

Hon. Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza Central Islip,
NY 11722

RE: Feige Zaretsky & Aaron Berlin vs. Maxi-Aids, Inc., et al.
Docket No. CV 10-03771; Filed August 16, 2010

Dear Your Honor,

This letter is seeking permission from this Honorable Court for additional time to submit our RICCO Statement and comes with numerous exhibits in support of our request. Since the time of our last request I have been bogged down literally day and night defending our position at the state court and trying to prevent the sale of my daughter's home, which remains threatened to this very day by a sheriffs sale for enforcement of a legally void judgment. As just one example, I was up all night last night trying to finish Reply papers for the state court. In that action Defendant Michael Solomon, lawyer for the Zaretsky defendants and Defendant Maxi Aids, Inc. perpetrated a scam on my daughter Feige by serving her with a motion noticed to a different judge at the state court. Despite her having timely submitted papers in opposition to the motion, and even having received a reply affirmation from Michael Solomon, Feige was found in "default" by the judge who was assigned to the case.

I discovered the order finding Feige in default by accident while looking for something else in the court records. My advising that judge with documentary

evidence would not get her to rescind. As a matter of fact, despite our bringing a motion seeking vacatur of the decision and denial of the motion, to be followed by her recusal from the case, at this time there is still a date set for August 17, 2011, to sign the order to sell the house. Additionally, I have been told by an attorney at the courthouse that it is evident from Michael Solomon's papers in opposition that the matter is of a criminal nature.

Eleven days ago, on Friday July 22, 2011, Feige and I were at the Appellate Division with a show cause seeking a stay of the sheriffs sale. Copies of those papers are likewise annexed hereto. While waiting to speak to the clerk at the herein Defendant Daniel Herrera, the partner of Michael Solomon, who came to oppose our request for a stay deliberately assaulted Feige twice. Each of the two attacks was recorded on video by the court's security cameras. As a result of his assault, Feige's foot is badly inflamed and she had to be prescribed by her doctor strong painkillers. Feige and I reported the matter to the police and a police report was made.

Prior to the events of the aforesaid, I was at the state court at a conference in the underlying action. Just about a week or so prior thereto I had discovered that Michael Solomon, counsel for the plaintiffs in that action, had never served us with a valid notice of entry, something which by law, as well as prescribed by the court within the order itself, is a condition precedent for the validity of the order. Clearly my position had taken a 180 degree turn. Feige and I were no longer "behind the eight ball". We now are permitted within a 12 month period to move to vacate our alleged default in the underlying action which granted summary judgment with a basically simple motion under CPLR 5015(a)(l).

However, when I arrived at the conference, it was demanded of me by the judge's law secretary, in the presence of herein Defendant Susan Rubin, Defendant Michael Solomon's associate, that I sign what he referred to as a court order barring me from bringing such a motion. I was told that Judge Jaeger, who never physically appeared at the conference, ordered that I must sign the so called order. In reality, the paper was a stipulation form in triplicate, and in its' fine print stated as such. However, despite the arguing and extreme pressure, I refused to cooperate with the judge's law secretary and did not sign away my rights. Defendant Susan Rubin did sign it, in the hope of convincing me to do the same

To entice me to cooperate, Feige and I were given until June 16, 2011 to submit additional reply papers, despite our having already replied. A few days later, I

received a copy of a letter from Susan Rubin to Judge Jaeger, dated June 7, 2011, in which she too falsely referred to the paper I refused to sign as being an order.

I took a copy of the so called order signed by Susan Rubin, together with the letter of Susan Rubin and brought them to the Appellate Division to seek procedural advice. To describe here it in the least words; they appeared appalled at the overt misconduct.

Subsequent, to the aforesaid Feige filed for bankruptcy protection on June 15, 2011. Because she had previously filed bankruptcy she received only a thirty day automatic stay. A motion had to be made to extend the automatic stay. A week later, I discovered the aforementioned default scam in that other action. I tried to convince that court to vacate *sua sponte* but it was fruitless. At the same time a motion to the Bankruptcy Court to extend the stay plus to vacate the void judgments in the underlying action was already prepared and some copies had been served. It was not possible to include the latest con game in the bankruptcy motion. Instead, I made a cover letter to the motion and included there in short what additional hassles we were facing at the state court level, in the hope that our motion would not be sent back to the state court.

Even this letter, I sincerely apologize is written in haste, and I realize that certain exhibits referred to herein were inadvertently taken by Feige after she left me at the Nassau County Supreme Court. Whatever is missing I will have her deliver to the clerk tomorrow.

For all the reasons set forth, which were clearly the result of actions taken against us by others in the litigation, we respectfully request an additional sixty days to submit our RICCO statement. A copy of this Court's previous order granting us time until August 1, 2011 to submit our RICCO statement will accompany this letter.

Thank you for giving this matter your immediate attention.

                                                            Sincerely yours,


                                                            /s/


                                                            Aaron Berlin and Feige Zaretsky

cc: All Defendants' Counsel
    David Wacholder



Mr. Adam B, Gilbert
Nixon Peabody llp.
437 Madison Avenue
New York, NY 10022