

AARON BERLIN & FEIGE ZARETSKY
1909 NEW YORK AVENUE
BROOKLYN, NY 11210
(917) 803-4155

November 9, 2011

BY HAND DELIVERY

Hon. Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ NOV 09 2011 ★
LONG ISLAND OFFICE

RE: Feige Zaretsky & Aaron Berlin vs. Maxi-Aids, Inc., et al.
Docket No. CV 10-03771; Filed August 16, 2010

Dear Your Honor,

With the greatest respect due this Honorable Court, and surely without any disrespect intended, in the late Friday afternoon, on November 4, 2011, my daughter and I submitted our RICO Case Statement papers to the pro se clerk at the United States Eastern District Courthouse, located at 225 Cadman Plaza East, Brooklyn, New York. My RICO Case Statement, dated November 4, 2011, which is comprised of five RICO enterprises, and entwined with repeated RICO violations, turned into an extremely complex piece of work. It was my intention, out of respect for the Court, to include a cover letter with our papers, but after working through the entire night and day on the case statement, following a similar week of nearly non-stop writing with very little sleep, I remained with no time, at the late hour of 4:00 P.M. to draft a respectable cover letter.

Without looking to be repetitious to the Court regarding the circumstances surrounding our lateness of the RICO Case Statement, I have incorporated hereto, an amended version of my previous letter dated November 4, 2011, which was written that Friday afternoon in great haste, and which I now edited for spelling

(over)

(Continued)
Letter to Hon. Sandra J. Feuerstein
November 9, 2011
Page 2 of 3 Pages

errors and grammar, as well as for inadvertently omitted pertinent substance. I believe that letter will give a clearer explanation than its predecessor, of just a part of the circumstances surrounding the reason for our lateness. I once again beg Your Honor to forgive our lateness, and accept our RICO Statement dated November 4, 2011.

Additionally, for the reasons explained above we were not able, prior to submission, to edit and re-edit our papers for typographical errors and omissions. Accordingly, a list of any typos found together with their respective corrections is currently in the works, and will be provided to the Court as a separate paper in just a few days.

Moreover, while working vigorously against the clock to provide proper responses to each of the primary RICO related questions, the last two questions at nos. 18 & 19, which relate only to the action's supplementary causes of action were not correctly answered. Regarding number 18, as laypersons, we were not certain at the time if there were any other federal violations perpetrated by any of the defendants against Feige, a woman deaf from birth. However, at this time we believe there is not.

Relating to question number 19; a list of the supplementary causes of action found within the instant complaint, a list is likewise being prepared and will be provided to the court over the next few days.

With all due respect to the Court, and as set forth in our RICO statement, we concede and are in agreement for the following defendants to be removed from the case: (1) The United States Department of the Treasury, (2) New York State Department of Taxation, (3) Capital One Bank, N.A., (4) European American Bank, and (5) JP Morgan Chase Bank, N.A.

(over)

(Continued)
Letter to Hon. Sandra J. Feuerstein
November 9, 2011
Page 3 of 3 Pages

Additionally, we recently learned that Angela Giglio is suffering from a severe health ailment, and wish not to further pursue our claims against Defendant Angela Giglio.

Again, I apologize for the delayed submission of our RICO Statement, and pray that this Honorable Court will pardon our lateness and any unintentional appearance of disrespect and accept our RICO statement as timely.

Thank you for giving this matter your attention.

Very sincerely yours,

Aaron Berlin

Feige Zaretsky

cc: All Defendants' Counsel
    David Wacholder



## NASSAU COUNTY CLERK'S OFFICE
### ENDORSEMENT COVER PAGE

Recorded Date: 06-13-2011           Record and Return To:
Recorded Time: 11:58:23 a

   Liber Book:
   Pages From:
          To:

     Control
     Number: 1374
      Ref #: 08--017869
   Doc Type: C16   SO ORDERED STIPULATION

Plnt: ZARETSKY, ELLIOT
Plnt: ZARETSKY, HAROLD
Dfnd: BERLIN, AARON
Dfnd: ZARETSKY, FEIGE

                             Taxes Total           .00
                         Recording Totals       .00
IBG001                   Total Payment          .00

THIS PAGE IS NOW PART OF THE INSTRUMENT AND SHOULD NOT BE REMOVED
MAUREEN O'CONNELL
COUNTY CLERK



2011061301374

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

INDIVIDUAL ASSIGNMENT PART 43

---------------------------------------X

Zaretsky, et. al.

STIPULATION _____

Index No. 17869-08

- against -

Mot. Cal. No. _____

Berlin, et ano.

Date 6/2/11

---------------------------------------X

IT IS HEREBY STIPULATED AND AGREED by and between the below-named attorney(s) as follows:

(1) All motions adjourned to 6/16/11. Defendants to submit Reply to their Order to Show Cause (motion sequence 14) by 5:00 p.m. on the return date. If received afterwards, the papers will not be considered.

(2) No motions are to be submitted to the court until the pending motions are decided.

(3) The Court will consider Plaintiffs' request to submit a Sur Reply upon receipt of Defendants' Reply.

(4) Conference is adjourned to 8/3/11.

Date: 6/2/11

Attorney for Petitioner

So Ordered

HON. STEVEN M. JAEGER

ENTER: _____
A J.S.C.

Attorney for Defendant

ENTERED
JUN 03 2011
NASSAU COUNTY
COUNTY CLERK'S OFFICE

State of New York, } ss: 08-17869
County Of Nassau

I, Maureen O'Connell, Clerk of the County of Nassau and of the Supreme and County Courts, do hereby certify that I have compared the annexed ..So ordered Stipulation... with the original filed in my office on ......6-3-11...... and have found it to be a true and complete copy of said original.

In testimony whereof, I have hereunto set my hand and affixed the seal of the County of Nassau this ......17...... day of ...Oct......, 20.11......

Maureen O'Connell

Maureen O'Connell, Clerk

AARON BERLIN & FEIGE ZARETSKY
1909 NEW YORK AVENUE
BROOKLYN, NY 11210
(917) 803-4155

October 28, 2011

<u>BY HAND DELIVERY</u>

Hon. Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      RE: Feige Zaretsky & Aaron Berlin vs. Maxi-Aids, Inc., et al.
       Docket No. CV 10-03771; Filed August 16, 2010

Dear Your Honor,

The undersigned Aaron Berlin, together with my daughter Feige Zaretsky, are the plaintiffs in the above referenced action. On March 30, 2011 the Court ordered plaintiffs to serve the defendants and to file with the Court a RICCO case statement. The Court granted us additional time, subsequently until October 1, 2011. On the evening of that day, I filed an incomplete RICO STATEMENT at the courthouse in downtown Brooklyn. I filed at a late hour because I had still hoped that day to complete. I am untutored in law; am without proper help on this matter; and the statement requires the application of very complex and detailed racketeering law which is an extreme burden even for a lawyer, surely for a pro se layman.

While I realize that being occupied in the state court is not an acceptable excuse, I beg this Honorable Court to understand that just what our predicament had been. My daughter and I have found ourselves in front of one judge (Judge Ute Wolf Lally) seeking to issue a default order against Feige and permitting the immediate sale of her home by the Nassau County Sheriff, and where the subject Notice of Motion deliberately directed Feige to the courtroom of a different Judge, namely Judge Steven Jaeger. As explained further, this mix-up was not inadvertent but part of an intended plan, and where it is believed that a $100,000.00 windfall derived from that very same default, and where Judge Lally's decision additionally ruled to reduce the homestead in that amount, was

                           (over)

(Continued)
Letter to Hon. Sandra J. Feuerstein
October 28, 2011
Page 2 of 4 Pages

intended to be divided between the participating wolves. I immediately called to the chambers of Judge Lally and after introducing myself as the communicating agent on behalf of Feige, a woman deaf from birth, I pointed out to her clerk the defect within the Notice of Motion. Without rehashing here the absurdities and misleading advice conveyed to me in the name of Judge Lally, the bottom line was the matter was only to get worse, and Feige's house was going to be sold very soon thereafter in the absence of my quick thinking and my taking immediate action to prevent the signing of an order by Judge Lally to the Sheriff.

Subsequently, I had Feige bring a show cause seeking of Judge Lally a threefold order: (a) vacatur of her decision, (b) denial of Solomon's motion in its entirety, followed by (c) her recusal on the grounds of bias and judicial misconduct.

Although Feige provided in the show cause a copy of the defective Notice, and showed that she timely appeared and opposed the motion at the courtroom of Judge Jaeger, and that that she even received from Michael Solomon, the opposing counsel, a Reply Affirmation in response, it did not matter. Judge Lally did not rescind her decision from the bench at the hearing date. After two months, which included many discussions with Judge Jaeger, Judge Lally issued an order in which she neither denied, nor admitted, to any of the allegations of judicial misconduct, and where she did not vacate her preposterous decision finding Feige in default, but did direct a transfer of the case to Judge Jaeger. Only our situation before Judge Jaeger was found to be even worse, as explained next.

I am attaching for this Court a copy of a stipulation signed on June 2, 2011, of which a copy did not arrive in the clerk's file until less than two weeks ago on October 17, 2011. Neither I nor my daughter were a party to that stipulation. The only parties to that stipulation were the plaintiffs' counsel and Judge Jaeger. I had never before held a court signed copy of the order. I was only told, while I was at a conference in the courthouse, on June 2, 2011, by Judge Jaeger's secretary that I was ordered by Judge Jaeger to sign it. I vehemently refused to comply with his trick, but did take with me a copy bearing only a signature from Susan Rubin, the Of Counsel to Michael Solomon, both of whom are defendants in the instant RICO action.

The objective of the pseudo stipulation order was solely to cut off our rights by preventing Feige from seeking a stay of the order of Judge Lally directing the Sheriff's sale, something which at that point in time I was still not privy too.

(over)

(Continued)
Letter to Hon. Sandra J. Feuerstein
October 28, 2011
Page 3 of 4 Pages

I only discovered on or about June 16, 2011 that a proceeding had allegedly been held on May 24, 2011 before Judge Lally, in which Feige was found in default. The case before Judge Lally was an auxiliary case, while the case before Judge Jaeger was the directly related underlying case. Accordingly, a stay of enforcement by Judge Jaeger in the underlying case would directly affect enforcement in the auxiliary case.

Judge Steven Jaeger, Judge Lally, Michael Solomon and Law Secretary Eric Milgrim, had all hoped that by tricking me to sign a stipulation barring me from bringing any further motions, I would have no recourse by Judge Jaeger, as well as by the Appellant Division, since one cannot appeal a stipulation. Apparently, after I refused to sign, it was decided in gross foolishness by the aforementioned to create what they perceived as the second best alternative, a "one party stipulation". And so, Judge Jaeger signed the pseudo stipulation dated June 2, 2011, without me and without Feige being a party thereto.

However, it seems that to prevent me from obtaining a copy of the pseudo stipulation with Judge Jaeger's signature, so as to prevent me, after I learn from the Sheriff as to Judge Lally's order, from proceeding to the Appellate Division, immediately after the pseudo stipulation was so ordered and entered, there was some heavy maneuvering made to prevent the signed pseudo stipulation from reaching the County Clerk court files. Eventually, after over four months, during which time I had moved separately for the recusal of both Judge Lally and Judge Jaeger, on the grounds of bias and Judicial misconduct, the one sided court ordered stipulation made it to the court's file, from where I immediately produced a certified copy.

The Appellate division clerks too said the pseudo stipulation order was something never before heard of in court history. So while state court litigation is not a viable excuse, and I surely understand that, but in this situation, it was just not the normal. It was declared open season against us. We were forced by certain RICO defendants herein, namely Michael Solomon and Susan Rubin, to protect ourselves, after they with the other state juridical members mentioned above, sought through unlawful means to destroy us.

(over)

(Continued)
Letter to Hon. Sandra J. Feuerstein
October 28, 2011
Page 4 of 4 Pages

Despite my having been late, I have still attempted to provide this Honorable Court with a completed RICO Statement. I have attached hereto an amended version of the last, but still despite days and nights of work without sleep, and with religious holidays in middle, I have produced the attached 45 pages. I wish to still finish this week. I am optimistic that I am on the way, and can.

Accordingly with all respect to Your Honor and to Magistrate Boyle, I ask that I be given until next Friday to submit a completed and neat RICO Statement.

Thank you for giving this matter your immediate attention.

Very sincerely yours,

Aaron Berlin
Plaintiff, Pro Se

Feige Zaretsky

cc: All Defendants' Counsel
    David Wacholder