# MOUND COTTON WOLLAN & GREENGRASS

COUNSELLORS AT LAW

ONE BATTERY PARK PLAZA
NEW YORK, NY 10004-1486

(212) 804-4200

FAX (212) 344-8066

WWW.MOUNDCOTTON.COM

NEW YORK, NY
NEWARK, NJ
GARDEN CITY, NY
SAN FRANCISCO, CA
FORT LAUDERDALE, FL

SANJIT SHAH
(212) 804-4511
SShah@moundcotton.com

November 16, 2011

**VIA ECF**

The Honorable Sandra J. Feuerstein
United States District Judge
U.S. District Court
  for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

The Honorable E. Thomas Boyle
United States Magistrate Judge
U.S. District Court
  for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:   *Zaretsky v., Maxi-Aids, Inc.*
      CV 10-3771 (SJF) (ETB)

Dear Judge Feuerstein and Judge Boyle:

We represent Defendants Susan Rubin, Daniel Herrera, Michael D. Solomon and Solomon & Herrera, PLLC (collectively, the "Solomon Defendants") in the above-referenced action. We respectfully write to request that the Court deny Plaintiffs' application – made in their November 11, 2011 to Judge Feuerstein – for leave to amend their complaint to include allegations of "RICO predicate acts that occurred subsequent to the filing of the instant complaint."

Although Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be freely given "when justice so requires," we think it is also important to recognize that such leave to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Cobb v. XSPORT Fitness, Inc., 09 CV 3553, 2010 U.S. Dist. LEXIS 42747, at *29-*30 (E.D.N.Y. Apr. 28, 2010) (Feuerstein, J.) (internal quotation marks and citations omitted). Thus, leave to amend a complaint should be denied where a plaintiff's claims are fantastic or delusional. Jones v. Trump, 96 Civ. 2995, 96 Civ. 6927, 1997 U.S. Dist. LEXIS 7324, at *26 (S.D.N.Y. May 22, 1997) ("[G]iven the fantastic and delusional nature of plaintiff's claims it would be unfairly prejudicial to defendants to require them to undergo the expense of responding to yet another amended version of plaintiff's claims.").

MOUND COTTON WOLLAN & GREENGRASS

Hon. Sandra J. Feuerstein
Hon. E. Thomas Boyle
November 16, 2011
Page 2 of 3

There can be no question that Plaintiffs' allegations in the current Complaint are fantastic and delusional, arising as they do from a purported conspiracy among the Solomon Defendants, their clients and others, to cause libelous e-mails to be sent from Plaintiff Feige Zaretsky's computer, thereby resulting in a "foolproof judgment against the plaintiffs." (Amended Complaint ¶ 179.) The allegations that Mr. Berlin seeks to include in an amended pleading, involving a conspiracy among the Solomon Defendants and two state court judges to "secretly sell" Plaintiff Feige Zaretsky's home and divide the "windfall" from the "two-thirds reduced homestead amount," are no less fantastic and delusional.

Moreover, because Plaintiffs' proposed allegations do not correct the deficiencies in the current pleading, any amendment would be futile and leave to amend should be denied. Jones, 1997 U.S. Dist. LEXIS 7324, at *26; Cummings v. Giuliani, 00 CIV. 6634, 2000 U.S. Dist. LEXIS 15675, at *14-*15 (S.D.N.Y. Oct. 26, 2000) (denying plaintiff's leave to amend complaint, holding that "plaintiff's proposed Amended Complaint demonstrates that plaintiff does not seek to correct the deficiencies in the Complaint, but merely to enlarge the conspiracy . . . . Second, plaintiff has presented no arguably meritorious claim and amendment would prove futile."). See also Bloom v. United States, 02 Civ. 2352, 2003 U.S. Dist. LEXIS 18087, at *23-*24 (S.D.N.Y. Oct. 10, 2003) (denying plaintiff leave to re-plead or amend his complaint, holding that plaintiff's "allegations that agents of the Government conspired to drug him and that he drafted the Clinton-Gore presidential campaign text are the type of fantastic claims courts have not hesitated to dismiss with prejudice.").

Finally, we note that the patently frivolous nature of Plaintiffs' allegations in the current pleading provide an additional basis – apart from the reasons discussed in Judge Boyle's Report and Recommendation – for the dismissal of their RICO causes of action. Bell v. Hubbert, 05 Civ. 10456, 2006 U.S. Dist. LEXIS 94547, at *12 (S.D.N.Y. Dec. 22, 2006) ("Civil RICO is an unusually potent weapon – the litigation equivalent of a thermonuclear device. Because the mere assertion of a RICO claim . . . has an almost inevitable stigmatizing effect on those named as defendants, . . . courts should strive to flush out frivolous RICO allegations at an early stage of the litigation.") (internal quotation marks and citations omitted); Tyler v. Carter, 151 F.R.D. 537, 540 (S.D.N.Y. 1993) ("A plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense. The policies arguing against *sua sponte* Rule 12(b)(6) dismissals do not apply in these circumstances."), aff'd, 41 F.3d 1500 (2d Cir. 1994).

We thank the Court for its consideration of this matter.

Respectfully,

*Sanjit Shah*

Sanjit Shah

MOUND COTTON WOLLAN & GREENGRASS

Hon. Sandra J. Feuerstein
Hon. E. Thomas Boyle
November 16, 2011
Page 3 of 3

cc:     Mr. Aaron Berlin
         Ms. Feige Zaretsky
         Mr. David Wacholder
         All counsel of record by ECF