UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

FEIGE ZARETSKY, a/k/a FEIGE BERLIN, and
AARON BERLIN,

                Plaintiffs,

      -against-

MAXI-AIDS, INC., M&H INC., ANGELA GIGLIO,
ELLIOT ZARETSKY, HAROLD ZARETSKY,
SHIRLEY ZARETSKY, LARRY DIBLASI,
LATONYA THOMPSON, PAMELA STEIN,
TERESA BUTLER, MICHAEL D. SOLOMON,
AMAZON.COM, INC., CAPITAL ONE BANK, N.A.,
SOLOMON & HERRERA, PLLC, EUROPEAN
AMERICAN BANK, IGLAR, HEAR-MORE,
ABLE-VISION, JP MORGAN CHASE BANK, N.A.,
DAVID WACHOLDER, RAOUL FELDER,
SUSAN RUBIN, DANIEL HERRERA, RICHARD
HAUSE, SAMUELSON, HAUSE & SAMUELSON, LLP,
RAOUL FELDER & PARTNERS, P.C., ALISA J.
EPSTEIN, JOHN DOES 1-9, JANE DOES 1-9,
UNITED STATES DEPARTMENT OF TREASURY,
and NEW YORK STATE DEPARTMENT OF
TAXATION,

                Defendants.
----------------------------------------------------------X

10-cv-3771 (SJF)(ETB)

ORDER

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 18 2012 ★
LONG ISLAND OFFICE

FEUERSTEIN, J.

      Before the Court are presumed objections by *pro se* plaintiffs Feige Zaretsky, a/k/a Feige Berlin, and Aaron Berlin (collectively, plaintiffs) to a Report and Recommendation of United States Magistrate Judge E. Thomas Boyle dated October 13, 2011 ("the Report"), recommending: (1) that plaintiffs' motion for an extension of time to comply with a court order, (Doc. No. 77), be denied; (2) that the motions of defendants Citibank, N.A. ("Citibank"), as successor in interest to defendant European American Bank, and JP Morgan Chase Bank, N.A. ("JP Morgan"), seeking dismissal of plaintiffs' causes of action pursuant to the Racketeer Influenced and Corrupt Organizations Act

1

("RICO"), 18 U.S.C. § 1961, *et seq.*, (Doc. Nos. 84 and 87, respectively), be granted; (3) that plaintiffs' RICO causes of action be dismissed with prejudice pursuant to Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure; and (4) that the Court decline to exercise supplemental jurisdiction over plaintiffs' remaining state court claims pursuant to 28 U.S.C. § 1367(c)(3) and dismiss the state law claims without prejudice. For the reasons stated herein, the Report of Magistrate Judge Boyle is accepted in its entirety.

I. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Milano v. Astrue, No. 05 Civ. 6527, 2008 WL 4410131, at * 1 (S.D.N.Y. Sept. 26, 2008), aff'd, 382 Fed. Appx. 4 (2d Cir. June 16, 2010); Johnson v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. Jan. 1, 2009). Moreover, "[t]o the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error." Jones v. Smith, 09 Civ. 6497, 2012 WL 1592190, at * 1 (S.D.N.Y. May 7, 2012); see also Juniper Entertainment, Inc. v. Calderhead, 07-cv-2413, 2012 WL 1106929, at * 4

(E.D.N.Y. Mar. 31, 2012); DiPilato v. 7-Eleven, Inc., 662 F.Supp.2d 333, 339 (S.D.N.Y. 2009). Although *pro se* parties are "generally accorded leniency" when making objections to a report and recommendation, Walker v. Vaughan, 216 F.Supp.2d 290, 292 (S.D.N.Y. 2002), their objections must still be "specific and clearly aimed at particular findings" in the report. DiPilato, 662 F.Supp.2d at 340; see also Jones, 2012 WL 1592190, at * 1; Chandler v. Napoli, 08-cv-3284, 2011 WL 4382235, at * 2 (E.D.N.Y. Sept. 20, 2011).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II. Objections

A. Plaintiff's Objections

Initially, any objections to the Report were required to be filed on or before October 27, 2011. See Fed. R. Civ. P. 72(b)(2). On October 28, 2011, plaintiffs filed a letter requesting additional time to file a completed RICO statement, which defendants have construed to be untimely objections to the Report. (Doc. No. 92). In that letter, plaintiffs do not even refer to the Report, much less assign any error to a specific finding or conclusion in the Report. Instead, plaintiffs again attempt to explain their repeated failure to comply with court-imposed deadlines for filing a complete RICO statement by advancing the same excuses rejected by Magistrate Judge Boyle, i.e., that they are prosecuting this action *pro se* and burdened by their involvement in state court litigation.[1]

---

[1] Plaintiffs also sought an extension of time to file a completed RICO statement by letter dated November 9, 2011 and, in effect, to file an amended complaint to include additional RICO claims. (Doc. No. 96). Those applications are denied as moot in light of the dismissal of this action in its entirety.

3

Even construing plaintiffs' letter to constitute an objection to the Report, absent a specific challenge to any of Magistrate Judge Boyle's findings or conclusions therein, the Report is reviewed only for clear error. Since there is no clear error on the face of the Report, plaintiffs' objections are overruled and the Report is accepted in its entirety.

III. Conclusion

There being no clear error on the face of the Report, the Report is accepted in its entirety. For the reasons set forth in the Report, plaintiffs' motion for an extension of time to comply with a court ordered deadline for the filing of a completed RICO statement is denied; Citibank's and JP Morgan's motions to dismiss plaintiffs' RICO causes of action are granted; plaintiffs' RICO causes of action are dismissed in their entirety with prejudice pursuant to Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure; and plaintiffs' remaining state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). The Clerk of the Court is directed to enter judgment in favor of all defendants on plaintiffs' RICO claims, to close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, to serve notice of entry of this order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, including mailing a copy of this order to plaintiffs at their last known address pursuant to Rule 5(b)(2)(C).

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: June 18, 2012
Central Islip, New York